M. P. Barfield and Clara A. Barfield, Husband and Wife v. Commissioner.
Barfield v. Commissioner
Docket No. 25300.
United States Tax Court
1952 Tax Ct. Memo LEXIS 223; 11 T.C.M. (CCH) 476; T.C.M. (RIA) 52139; May 14, 1952
Carl K. Goodson, Esq., for the petitioners. Thomas C. Cravens, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The Commissioner determined a deficiency in income tax for the calendar year 1946 in the amount of $5,655.99 against petitioners. Several adjustments which were involved in the determination of that deficiency are no longer in dispute and will be reflected in the computation under Rule 50. The only question for decision is whether any part of an item of $4,078.01, shown on petitioners' 1946 return as "Expense *224 to tear out and rebuild defective work contracted by Waddell and Carter on Reo Truck & Bus building, Florence" is deductible either as an ordinary and necessary expense under Section 23(a) or as a loss under Section 23(e) of the Internal Revenue Code. Petitioners now seek a deduction only in the amount of $3,450.38, and they appear to place their sole reliance upon Section 23(e). Petitioners are husband and wife, residing in Florence, South Carolina. They filed their joint income tax return for the calendar year 1946 with the collector of internal revenue for the district of South Carolina at Columbia, South Carolina. M. P. Barfield, referred to hereinafter as petitioner, has been in various phases of the automobile business for a number of years, dealing in used parts, used cars, as well as being a dealer in new De Soto and Plymouth cars and Reo trucks and busses. In 1946 petitioner entered into an oral contract with Waddell and Carter, general contractors, to construct a new building for his Reo truck and bus business, the work to be performed at a cost plus 10 per cent fee basis. When about three months' work had been done on the building, petitioner *225 found the pilasters out of line and the building not square. He stopped the work and discharged Waddell and Carter. At the time the work was stopped, all the footings had been poured, all the pilasters were built up to about window height, the front of the building was bricked up possibly four or five feet between the pilasters. Upon the recommendation of another contractor retained by petitioner, the pilasters and all the superstructure, above the foundation, were demolished. And since the footings were out of square, it was necessary to pour additional cement or concrete so that the foundation would support the walls. No part of the original foundation was destroyed or removed, but only about 30 per cent of the old footings was required, in connection with the additions, to support the building. After the old construction was torn down, the bricks and cinder blocks were cleaned of old mortar, and all that were not too damaged were used again. About 80 per cent of the bricks were re-usable, but only somewhat in excess of one-quarter of them for face work, the others being usable in the center of the pilasters. Only about 25 per cent of the cinder blocks was re-usable. The cost *226 of labor and materials (such as sand, lime, cement, "Brixment," but not including bricks and cinder blocks) used by Waddell and Carter, plus Waddell and Carter's 10 per cent fee, was $2,881.18. This amount was paid by petitioner by a series of checks dated in April, June, July, and August, 1946. In addition, petitioner paid $569.20, by check dated December 9, 1946 for labor in November 1946 for "tearing down walls, cleaning bricks and blocks." Petitioners contend that the foregoing amounts, aggregating $3,450.38, must be allowed as a deductible loss for 1946. They concede that if the deduction is allowed, the amount thereof may not be included in the basis of the building for depreciation; and it is similarly not disputed that if the deduction is disallowed, a depreciation allowance is available with respect thereto. We think this case is ruled by Driscoll v. Commissioner, 147 Fed. (2d) 493 (C.A. 5), with the result that the $3,450.38 is to be treated as part of the cost of the new building, to be recovered tax-wise through depreciation, and not as a deductible loss. In the Driscoll case the taxpayer had entered into a contract for the construction of a hotel and office *227 building. After work had been in progress for some time, the taxpayer determined to make radical changes in the building. The air conditioning system, as designed, was determined to be ineffective, and it was decided to enlarge the building and to eliminate certain features specified in the original plans. As a result of these changes, various equipment and materials already incorporated in the structure had to be torn out or demolished. With respect to air conditioning and plumbing changes, the cost of material torn out, less salvage or allowance made on return to the manufacturer, plus labor costs for original installation as well as removal, amounted to $34,300. Costs with respect to material and fixtures torn out other than air conditioning and plumbing, similarly computed, amounted to $14,747. In affirming the decision of this Court that these amounts were capital items rather than deductible losses the Court of Appeals stated (p. 494): "We agree with the Tax Court in its conclusion that taxpayer was not entitled to deduct as an expense the items claimed as losses wrought by changes in connection with the construction of the hotel, and that cost of changes in design made before *228 or during construction, whether these changes are necessitated because of mistake or otherwise, are but a part of the cost of the structure as finally completed. Extra expenses due to errors in plan and design are a part of the cost that the building traffic must bear. As the Tax Court well said: 'The acceptance of petitioner's theory would result in a deductible loss in practically every construction project. Common experience tells us that no construction job is carried out with such perfection that some material, because of error, mistake, or even slight change in design, is not removed and therefore does not remain a part of the completed structure. Such expenditures are, we think, clearly a cost of construction.'" Although there are differences in the facts between this case and the Driscoll case, we are unable to find any distinction of consequence between them. Petitioners herein stress the fact that the alterations in the Driscoll case were the result of voluntary changes made by the taxpayer. It may well be doubted that the changes, at least as to the air conditioning system, were any more voluntary in the Driscoll case than were the changes herein. But be that as it may, *229 the controlling consideration is that in both cases a new building was under construction, and that work already performed had to be torn out in order to construct the building as finally completed. The costs incurred in both situations must be regarded as part of the cost of the new building. This case does not present the problem relating to the demolition of an existing building preparatory to the erection of a new building on the same site. Cf. George S. Gaylord, 3 T.C. 281; Parma Company, 18 B.T.A. 429; Providence Journal Co. v. Broderick, 104 Fed. (2d) 614 (C.A. 1). The costs involved herein relate directly to the construction of the new building. Decision will be entered under Rule 50.